IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria, Virginia

| | | |
|---|---|---|
| **Board of Trustees, Sheet Metal Workers' National Pension Fund,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| v. | ) ) ) ) | Civil Action No. 1:04cv90 |
| **BES Services, Inc.,** | ) ) | |
| **Defendant.** | ) ) | |

**MEMORANDUM OPINION**

This matter came before the court for hearing on plaintiff's motion for summary judgment (No. 22) on May 6, 2005. Plaintiff's motion has been fully briefed and argued. For the following reasons, the court finds that there are no genuine issues of material fact for trial, and that plaintiff is entitled to summary judgment.

**<u>Undisputed Facts</u>**

The following facts are undisputed.

Plaintiff, the Board of Trustees of the Sheet Metal Workers' National Pension Fund, is a fiduciary with respect to the fund, which is governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* Defendant is an employer within the meaning of 29 U.S.C. § 152(2) and 29 U.S.C. § 1002(5), and at all times relevant to the complaint employed individuals represented by Sheet Metal Workers' International Association Local Union No. 137.

Plaintiff is seeking $22,602.77 in delinquent contributions plus interest, liquidated

damages and attorneys' fees. Additionally, plaintiff seeks withdrawal liability in the amount of $175,832.56. Defendant has paid a total of $22,620.08 toward its withdrawal liability. Defendant has not paid the remaining balance, and claims that it does not owe plaintiff anything further. However, defendant failed to request arbitration of the withdrawal liability assessment within the time period specified in 29 U.S.C. § 1401(a)(1).

Defendant stipulated to plaintiff's audit findings and to the fact that it has failed to pay all amounts owed. *See* Stipulation (No. 18) at ¶¶ 11, 12. Defendant also stipulated that it failed to initiate arbitration of the withdrawal liability assessment. *See* Stipulation at ¶19.

## Legal Standards

A party is entitled to summary judgment if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, the court must first consider whether there are any issues of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In making this determination, the court must assess the factual evidence and all inferences must be drawn in the light most favorable to the non-moving party. *See Anderson*, 477 U.S. at 255.

29 U.S.C. § 1145 provides for the collection of delinquent contributions under a mutliemployer benefit plan.

29 U.S.C. § 1401(a)(1) provides for mandatory arbitration of withdrawal liability.

## Analysis

Defendant contests plaintiff's motion by arguing that an accord and satisfaction took place; and alternatively by stating that withdrawal liability should be limited due to defendant's

alleged insolvency, pursuant to 29 U.S.C. § 1405.

    A.    **Delinquent Contributions**

Defendant argues that it extinguished its debt to plaintiff by payments previously made. Defendant states that it understood its payment of $22,620.08 to the Fund as fully satisfying its obligations. In effect, defendant argues the affirmative defense of accord and satisfaction.

Under well established principles of contract law, accord and satisfaction requires the essential elements of a contract, including offer, acceptance and consideration. *See*, *e.g.*, *Gelles & Sons Gen. Contr., Inc. v. Jeffrey Stack, Inc.*, 569 S.E.2d 406, 408 (Va. 2002). Defendant's accord and satisfaction defense fails because defendant has not come forward with any evidence of a mutual assent or meeting of the minds. The subjective understanding of defendant's former officer and sole shareholder, Mr. Bernard Shuman, that the debt was discharged is by itself insufficient to create a genuine issue of material fact.

Therefore, plaintiff is entitled to summary judgment with respect to the $22,602.77 in delinquent contributions.

    B.    **Withdrawal Liability**

Defendant argues that summary judgment on the issue of withdrawal liability is inappropriate because 29 U.S.C. § 1405 limits defendant's alleged withdrawal liability. Defendant states that it sold all of its assets to another entity (IVC Canada) and is now insolvent. Defendant insists that 29 U.S.C. § 1405 provides for a reduction in the amount of any withdrawal liability under these circumstances.

The court finds defendant's argument with respect to withdrawal liability unpersuasive. Defendant was required to arbitrate the issue of whether its withdrawal liability could be reduced or limited under 29 U.S.C. § 1405. The Fourth Circuit has not addressed the precise question

whether arbitration of withdrawal liability is mandatory when a defendant is seeking limitation of liability due to insolvency pursuant to Section 4225 of ERISA.  However, other courts that have addressed this issue have found that arbitration is mandatory under these circumstances.  *See Local 478 Trucking & Allied Industries Pension Fund v. Jayne*, 778 F. Supp. 1289, 1316 (D.N.J. 1991); *Central States, Southeast & Southwest Areas Pension Fund v. Johnco, Inc.*, 694 F. Supp. 478, 481 (N.D. Il. 1988); *Trustees of Amalgamated Cotton Garment & Allied Industries Fund v. Baltimore Sportswear, Inc.*, 632 F. Supp. 641, 642 (S.D.N.Y. 1986).  The court finds the reasoning of these courts persuasive, and no contrary authority has been presented.  The court therefore finds that arbitration of disputes concerning withdrawal liability is mandatory as specified in 29 U.S.C. § 1401(a)(1).

Therefore, plaintiff is entitled to summary judgment on the issue of withdrawal liability.

Plaintiff should present affidavits in support of its request for interest, liquidated damages, and attorneys' fees and costs.

/s/
Thomas Rawles Jones, Jr.
United States Magistrate Judge

Alexandria, Virginia
May 25, 2005